UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY HUDSON, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO.  1:03-cv-1745-VSS-SEB |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
|   Defendant. | ) |

### ENTRY FOR MARCH 3, 2006

The parties appeared, by counsel, this date for a final pretrial conference, during which the following was discussed and determined:

1. The plaintiff will not call Dr. Kevin Reid, Dr. Robert Kominiarek, or Dr. Jeffrey Rogers to testify at trial, inasmuch as their testimony would be cumulative of Dr. Thomas Goodall's testimony.  The plaintiff also will not call Dr. Kevin Farrell to testify at trial and will not seek to admit the plaintiff's x-rays into evidence.

2. The plaintiff will speak with Frank Demers regarding the video camera issue and will inform defendant whether she intends to offer his testimony at trial by **March 3, 2006, at 5:00 p.m.**

3. The defendant withdraws all of its objections in Dr. Goodall's videotaped deposition except the following:

    a. The defendant objects to testimony about the cost of pain medication (p. 65) on the ground that there is no evidence regarding which of the medications were necessary due to the injury at Wal-Mart and which would have been necessary anyway due to the plaintiff's prior condition.

>> This objection is sustained, and the question and answer at issue shall be edited out of the tape before it is shown to the jury.[1]
>
> b. The defendant's objection to testimony regarding the possible need for future surgery (p. 61) is overruled.

The plaintiff shall have the videotape edited to remove all objections and discussions thereof, including the defendant's overruled objection, so that the tape shown to the jury contains only counsel's questions and the deponent's answers.

4. The defendant objects to the admission of a letter from Dr. Goodall to plaintiff's counsel that is contained within Exhibit 3, on the ground that it is not a medical record and was written for litigation, not treatment, purposes. The court agrees that this letter is not admissible and sustains the objection. While this objection was not made during the deposition, the court declines to find waiver, because the plaintiff could not have done anything to cure the problem with the exhibit had the objection been made earlier.

5. The defendant objects to Exhibit 8 to the extent that it includes the gross amounts charged by the plaintiff's healthcare providers–that is, the charges before the insurance "write-offs" were subtracted. The plaintiff makes an excellent argument–an argument that has carried the day in some other jurisdictions–that the collateral source rule prohibits the defendant from benefitting from the fact that the plaintiff had health insurance, and that prohibition extends to the amount

---

[1] The court notes that the defendant does not object to the plaintiff seeking to recover for the cost of medications that were administered to her in the emergency room immediately following the incident at Wal-Mart.

"written off" because of the insurance contract. However, in the absence of binding authority to the contrary, the court declines to extend the collateral source rule to apply to "written-off" amounts that were not and never will be paid by anyone. Indeed, while the plaintiff argues that the reasonable value of the services she received must be measured by the gross amount charged by the hospital for those services, there is no evidence that any healthcare consumer ever actually pays the gross amount. The amounts ostensibly billed and the amounts actually charged and collected by healthcare providers in this country are a complicated mix of contractual and policy choices and compromises; however, what we do know for certain is that the plaintiff's healthcare providers accepted as payment in full the post-write-off amounts, which, in the absence of any evidence to the contrary, indicates that those amounts represent the reasonable value of the services provided. Accordingly, the defendant's objection to the gross charges being included in Exhibit 8 is sustained, and the exhibit shall be redacted to remove those figures.

6. Exhibit 10, which consists of the photographs taken of the Wal-Mart store aisle by Glenn Brown the day after the incident, will not be admissible unless Mr. Brown testifies that they are a fair and accurate representation of exactly what the aisle looked like at the time of the incident, testimony which the court–and likely the jury–would find very suspect. For similar reasons, Exhibit 9–which consists of pictures taken by the defendant–may not be offered into evidence by the defendant, although the plaintiff is free to offer it.

7. The defendant's objection to Exhibit 14 is sustained, inasmuch as it was not

      timely disclosed by the plaintiff.

8. The plaintiff's motion to examine jurors is granted; it is the court's practice to conduct its own voir dire and then permit counsel to question the jury for 30 minutes each.

9. The plaintiff's first motion in limine is **GRANTED** except as addressed above in ¶ 5 and except as follows:

    a. The jury may be informed that the plaintiff previously was injured in an on-the-job injury and suffered pain from that injury, but may not be informed that she has sought to have some of her medical bills paid via the Ohio worker's compensation system.

    b. The defendant has requested, and the magistrate judge will give, an instruction that any award for damages will not be subject to taxation.

10. In the absence of any objection by the plaintiff, except as discussed in ¶¶ 2 and 5 above, the defendant's motion in limine is **GRANTED**.

11. Juror questionnaires will be made available to counsel in the courtroom at 8:30 a.m. on March 14, 2006.

12. If a party files anything in this case between now and trial, counsel shall call and inform the court's staff so that it may be brought to the court's attention as soon as possible.

SO ORDERED:  03/03/2006

*V. Sue Shields*

V. Sue Shields, Magistrate Judge

Copies to:

Thomas L. Davis
LOCKE REYNOLDS LLP
tdavis@locke.com

Nathaniel Lee
LEE BURNS & COSSELL  LLP
nlee@nleelaw.com

Eric A. Riegner
LOCKE REYNOLDS LLP
eriegner@locke.com